[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence August 6, 1993 Date of Application August 12, 1993 Date Application Filed August 16, 1993 Date of Decision October 25, 1994
Application for review of sentence imposed by the Superior Court for the Judicial District of Hartford. Docket No. CR 91-413553.
Richard S. Cramer, Esq., Defense Counsel, Petitioner.
John Massemeno, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
Daniel Rivera entered guilty pleas to manslaughter in the 1st degree, a violation of G.S. 53a-55(a)(1), and robbery in the 1st degree, violation of G.S. 53a-134(a)(2). The sentencing court imposed a sentence of 20 years on the first count, 5 years consecutive on the second count and 5 years consecutive on the third, for a total effective sentence of 30 years to serve.
In the early morning hours of October 6, 1991, the petitioner and the decedent entered the home of the witness through a bedroom window. They were armed with a knife and a gun and proceeded to pull the witness off the bed while they went through his belongings. They heard the wife of the witness in the shower. The intruders ordered the witness to accompany them out of the bedroom and when a gun was pointed at him he grabbed the barrel of the gun, which was being held by the petitioner. An altercation ensued between the witness and the petitioner and the decedent yelled, CT Page 11914 "Shoot him!" At that point the petitioner took aim and fired the weapon, but the witness ducked and the accomplice, the petitioner's brother-in-law, was shot in the head. The petitioner fled and his brother-in-law was subsequently transported to Hartford Hospital where he was pronounced dead.
We are asked to review the sentence as petitioner claims it was excessive. He points out he received the maximum sentence for the manslaughter charge and that the more appropriate sentence would be 20 years. The petitioner continues to express his remorse over the incident.
The state took no position in this matter and both petitioner's attorney and the assistant state's attorney wanted the division to be aware of the petitioner's cooperation on subsequent matters which were undertaken at some risk to him.
In reviewing the sentence imposed, we are limited to the events and circumstances known to the sentencing judge at the time sentence was imposed. Meritorious behavior or favorable factors which develop at a later date are of no moment in determining whether the sentence was excessive or disproportionate and are more properly left to another forum.
Mr. Rivera addressed the division at the hearing and explained that he has been "emotionally devastated" by the incident.
Petitioner's criminal record discloses he was on probation at the time of the incident for possession of narcotics with intent to sell where a sentence of 7 years suspended after 3 had been imposed with 5 years probation less than one year before. It appears that substance abuse has been at the core of his antisocial behavior.
P.B. 942 recites factors which should be considered by the division in deciding whether a modification of sentence is warranted, and the first two criteria are the nature of the offense and the character of the petitioner. The factual background establishes this as a very serious case; in fact, the original charge was murder. The petitioner entered another person's home at night while armed. Clearly, he intended to shoot someone but missed the originally intended victim and shot his brother-in-law instead. We are moved to question whether the professed remorse stems from the fact that he committed manslaughter while in the course of committing a burglary and robbery or because he accidentally shot his brother-in-law. In any event, the offenses, CT Page 11915 when coupled with the petitioner's prior criminal record, render the sentence imposed both fair and proportionate.
SENTENCE AFFIRMED.
Stanley, J.
Klaczak, J.
Norko, J.
Stanley, J., Klaczak, J. and Norko, J. participated in this decision.